**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
Jul 28, 2023
Tammy H. Downs, Clerk
By: ForrestDunn D.C.
DEP CLERK

# TRANSFER OF JURISDICTION

| DOCKET NUMBER (Tran. Court) |
|---|
| 1:17CR00201-1 |

| DOCKET NUMBER (Rec. Court) |
|---|
| 4:23-CR-193-JM |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Earl Wayne Bryant | Western District of Texas | Austin |
| | NAME OF SENTENCING JUDGE | |
| | Lee Yeakel; U.S. District Judge | |
| | DATES OF PROBATION/SUPERVISED RELEASE | FROM 05/12/2022 | TO 05/12/2027 |

**OFFENSE**
Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d)

---

### PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **WESTERN** DISTRICT OF **TEXAS**

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the **Eastern District of Arkansas, Little Rock Division** upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

July 10, 2023
_Date_

_United States District Judge_

*This sentence may be deleted in the discretion of the transferring Court.

---

### PART 2 - ORDER ACCEPTING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE **EASTERN** DISTRICT OF **ARKANSAS** Little Rock Division

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

7/14/23
_Effective Date_

_United States District Judge_



A true copy of the original, I certify.
Clerk, U.S. District Court
By Katherine Wallace
July 18, 2023    Deputy

FILED

2017 JUL -6 PM 3:32

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ KW
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 1:17-CR-201 LY |
| Plaintiff, ) | Superseding |
| v. ) | INFORMATION |
| ) | |
| Earl Wayne BRYANT, ) | [18 USC 2113 (a & d) - Bank robbery] |
| Defendant. ) | |

USOA # **2017R06125**

THE UNITED STATES ATTORNEY CHARGES:

### COUNT ONE
### (18 U.S.C. 2113(a))

On or about March 29, 2017, at Austin, Texas in the Western District of Texas, the defendant,

Earl Wayne BRYANT,

by force, violence and intimidation did take, and attempt to take, from the person or presence of another, currency, in the approximate amount of $9,121, belonging to and in the care, custody, control, management, and possession of the American Bank of Commerce (ABC), 2201 West Ben White Blvd., Austin, TX, a bank whose deposits were then insured by the Federal Deposit Insurance Corporation. In committing the offense set out above, Earl Wayne BRYANT did assault and put in jeopardy, the life of a person by the use of a dangerous weapon, all in violation of



A true copy of the original, I certify.
Clerk, U.S. District Court
By_____Katherine Wallace_____
   July 18, 2023         Deputy

10

Title 18, United States Code, Section 2113(a) and (d).

                              Richard L. Durbin, Jr.
                              UNITED STATES ATTORNEY

                              Mark H. Marshall
                              Assistant U.S. Attorney

Case 1:23-cr-00093-DJM Document 56   Filed 07/28/23   Page 4 of 17


Sealed _____
Unsealed **X**

Personal Data Sheet            USAO# **2017R06125**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS

**RELATED CASE** ___ YES   **X** NO   **RELATED CASE NO.** _____

County: **TRAVIS**      Division **AUSTIN**      Judge: _____

Date: **7/6/17**   Mag Ct.# **A:17-MJ-353**   SSN _____   FBI#: _____

Case No.: **A:17-CR-201 LY**   Assistant U. S. Attorney: **Mark H. Marshall**

Defendant: **Earl Wayne Bryant**      Date of Birth: **REDACTED**

Defendant aka: _____

Address: _____

Citizenship:   United States _____   Mexican _____   Other _____

Interpreter Needed:   Yes _____   No _____   Language _____

Defense Attorney: **Jose I. Gonzalez-Falla**   Employed _____

Address of Attorney: _____   Appointed _____

Defendant is:   In Jail _____   Where: _____
               On Bond _____   Amt. of Bond _____   Where: _____

Date of Arrest: _____      Bench Warrant Needed _____

Prosecution By:   Superseding Information **X**   Indictment _____

Offense (Code & Description):   **Ct. 1: 18 U.S.C. § 2113(a) - Bank Robbery.**

Offense Is:   Felony **X**   Misdemeanor _____

Maximum Sentence: **Ct. 1: up to 25 years imprisonment; $250,000 fine; up to 5 yrs TSR; $100 S.A.**

Penalty is Mandatory:   Yes _____ as Cts 2 & 4 consecutive to Cts. 1 & 3   No **X**

Remarks: _____

12

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**
SEP 2 0 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

EARL WAYNE BRYANT
*Aliases: Earl Bryant and Earl Wayne Bryant*

Defendant.

Case Number: 1:17-CR-00201-LY(1)
USM Number: 89198-380

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, EARL WAYNE BRYANT, was represented by Jose I. Gonzalez-Falla.

The defendant pled guilty to Count 1s of the Superseding Information on July 7, 2017. Accordingly, the defendant is adjudged guilty of such Count, involving the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 2113(a) and (d) | Bank Robbery | 03/29/2017 | 1s |

Upon oral motion of the United States, the Court has dismissed any remaining counts herein as to this defendant.

As pronounced on September 19, 2017, the defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

Signed this _____ day of September, 2017.

_____
LEE YEAKEL
United States District Judge

A true copy of the original, I certify.
Clerk, U.S. District Court
By_____Katherine Wallace_____
July 18, 2023          Deputy

13

DEFENDANT: EARL WAYNE BRYANT
CASE NUMBER: 1:17-CR-00201-LY(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **EIGHTY FOUR (84) MONTHS** as to count 1s.

The defendant shall remain in custody pending service of sentence.

It is the Court's intent that the defendant shall receive credit for all time continuously spent in custody, state or federal, from April 28, 2017, therefore the Bureau of Prisons shall adjust the defendant's term of imprisonment by the amount of time spent in custody pursuant to Section 5G1.3(b) of the United States Sentencing Guidelines.

The Court makes the following recommendations to the Bureau of Prisons:

**To designate defendant to Forrest City FCC or to a federal facility as close to Forrest City FCC as possible in order that the defendant may be near family members during the period of confinement.**

If, for any reason, the Bureau of Prisons does not comply with any recommendation of this Court made in this Judgment and Sentence, the Bureau of Prisons shall immediately notify the Court and any reason therefor

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
By
DEPUTY UNITED STATES MARSHAL

14

Case 1:23-cr-00093-DJM Document 56   Filed 07/28/23   Page 75 of 120
Case 1:23-cr-00093-DJM Document 56   Filed 07/28/23   Page 15 of 120

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                    Judgment -- Page 3 of 7

DEFENDANT:        EARL WAYNE BRYANT
CASE NUMBER:      1:17-CR-00201-LY(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release a term of **FIVE (5) YEARS.**

While on supervised release the defendant shall comply with the mandatory, standard and if applicable, the special conditions that have been adopted by this Court, and shall comply with the following additional conditions:

**The defendant shall participate in a substance abuse program and follow the rules and regulations of that program. The program may include testing and examination during and after completion of the program to determine if the defendant has reverted to the use of drugs. A probation officer may supervise the participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment to the extent the defendant is financially able.**

**The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision.**

**The defendant shall submit his or her person, property, house, residence, office, vehicle, papers, computers as defined in 18 U.S.C. Section 1030(e)(1), and other electronic communications or data storage devices or media to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any occupant at the premises that these premises may be subject to searches under this condition. The United States probation officer may conduct a search when a reasonable suspicion exists that the defendant may have violated a condition of supervision or if there is a violation of law.**

**The defendant shall provide the probation officer with access to any requested financial information and authorize the release of any financial information. A probation office may share financial information with the United States Attorney's Office.**

**The defendant shall not incur new credit charges, or open additional lines of credit without the approval of a probation officer.**

DEFENDANT: EARL WAYNE BRYANT
CASE NUMBER: 1:17-CR-00201-LY(1)

## CONDITIONS OF SUPERVISION

**Mandatory Conditions:**

[1]   The defendant shall not commit another federal, state, or local crime during the term of supervision.

[2]   The defendant shall not unlawfully possess a controlled substance.

[3]   The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

[4]   The defendant shall cooperate in the collection of DNA as instructed by the probation officer, if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. § 14135a).

[5]   If applicable, the defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et. seq.*) as instructed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which the defendant resides, works, is a student, or was convicted of a qualifying offense.

[6]   If convicted of a domestic violence crime as defined in 18 U.S.C. § 3561(b), the defendant shall participate in an approved program for domestic violence.

[7]   If the judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of the judgment.

[8]   The defendant shall pay the assessment imposed in accordance with 18 U.S.C. § 3013.

[9]   The defendant shall notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.

**Standard Conditions:**

[1]   The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

[2]   After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed.

[3]   The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer.

[4]   The defendant shall answer truthfully the questions asked by the probation officer.

[5]   The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change

[6]   The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that are observed in plain view.

DEFENDANT:         EARL WAYNE BRYANT
CASE NUMBER:       1:17-CR-00201-LY(1)

[7]  The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

[8]  The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

[9]  If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours.

[10] The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified, for the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

[11] The defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

[12] If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk.

[13] The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

[14] If the judgment imposes other criminal monetary penalties, it is a condition of supervision that the defendant pay such penalties in accordance with the Schedule of Payments sheet of the judgment.

[15] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall provide the probation officer access to any requested financial information.

[16] If the judgment imposes a fine, special assessment, restitution, or other criminal monetary penalties, it is a condition of supervision that the defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the payment schedule.

[17] If the defendant is excluded, deported, or removed upon release on probation or supervised release, the term of supervision shall be a non-reporting term of probation or supervised release. The defendant shall not illegally re-enter the United States. If the defendant is released from confinement or not deported, or lawfully re-enters the United States during the term of probation or supervised release, the defendant shall immediately report in person to the nearest U.S. Probation Office.

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                  Judgment -- Page 6 of 7

DEFENDANT:          EARL WAYNE BRYANT
CASE NUMBER:      1:17-CR-00201-LY(1)

## CRIMINAL MONETARY PENALTIES/SCHEDULE

       The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth. Unless the Court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Criminal Monetary Penalties, except those payments made through Federal Bureau of Prisons' Inmate Financial Responsibility Program shall be paid through the Clerk, United States District Court, 501 West Fifth Street, Suite 1100, Austin, TX 78701. The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

       If the defendant is not now able to pay this indebtedness, the defendant shall cooperate fully with the office of the United States Attorney, the Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including during any period of incarceration. Any unpaid balance at the commencement of a term of probation or supervised release shall be paid on a schedule of monthly installments to be established by the U.S. Probation office and approved by the Court.

|  | Assessment | Fine | Restitution |
|---|---:|---:|---:|
| **TOTALS** | $100.00 | $.00 | $7,211.00 |

### SPECIAL ASSESSMENT

       It is ordered that the defendant shall pay to the United States a special assessment of $100.00. Payment of this sum shall begin immediately.

### FINE

       The fine is waived because of the defendant's inability to pay.

### RESTITUTION

       The defendant shall pay restitution in the amount of $7,211.00 through the Clerk, U.S. District Court, for distribution to the payee. Payment of this sum shall begin immediately. The Court determines that the defendant does not have the ability to pay interest and therefore *waives the interest requirement* pursuant to 18 U.S.C. § 3612(f)(3).

       The Court directs the United States Probation Office to provide personal identifier information of victims by submitting a "reference list" under seal Pursuant to E-Government Act of 2002" to the District Clerk within ten (10) days after the criminal Judgment has been entered.

**Name of Payee**                                                                      **Amount of Restitution**

**American Bank of Commerce**                                         **$7,211.00**
Attention: Missy Peebles
530 E. Hwy. 62/82
Wolfforth, Texas 79382

       If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column above. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

       If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. §3614.

       The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f). All payment options may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

       Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

       Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

18

AO 245B (Rev. TXN 10/12) Judgment in a Criminal Case                                                      Judgment -- Page 7 of 7

DEFENDANT:            EARL WAYNE BRYANT
CASE NUMBER:          1:17-CR-00201-LY(1)

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

- all right, title, and interest to the ammunition seized at the time of the defendant's arrest.

19

CLOSED

# U.S. District Court [LIVE]
# Western District of Texas (Austin)
# CRIMINAL DOCKET FOR CASE #: <u>1:17−cr−00201−DII</u>−1

Case title: USA v. Bryant

Magistrate judge case number:  1:17−mj−00353−AWA

Date Filed: 05/16/2017

Date Terminated: 08/24/2020

Assigned to: Judge Docket II – Austin

**Defendant (1)**

**Earl Wayne Bryant**  represented by  **Earl Wayne Bryant**
*TERMINATED: 08/24/2020*  #89198−380
FORREST CITY MEDIUM
FEDERAL CORRECTIONAL INSTITUTION
PO BOX 3000
FORREST CITY, AR 72336
PRO SE

**Duty Pub. Defender−Austin**
Office of the Federal Public Defender
Austin Division
504 Lavaca St., Suite 960
Austin, TX 78701
(512) 916−5025
Fax: (512) 916−5035
Email: norma_g_medrano@fd.org
*TERMINATED: 05/17/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Public Defender or Community Defender Appointment

**Jose I. Gonzalez−Falla**
Federal Public Defender
Lavaca Plaza
504 Lavaca St., Ste 960
Austin, TX 78701
(512)916−5025
Fax: (512)916−5035
Email: jose_gonzalez−falla@fd.org
*TERMINATED: 09/20/2017*
*LEAD ATTORNEY*


A true copy of the original, I certify.
Clerk, U.S. District Court
By_____Katherine Wallace_____
July 18, 2023     Deputy

1

|  | ATTORNEY TO BE NOTICED<br>*Designation: Public Defender or Community Defender Appointment* |
|---|---|
| **Pending Counts** | **Disposition** |
| 18:2113A.F BANK ROBBERY BY FORCE OR VIOLENCE<br>(1s) | Imprisonment 84 months, 5 years supervised release, $100.00 special assessment, $7,211.00 restitution |
| **Highest Offense Level (Opening)** | |
| Felony | |
| **Terminated Counts** | **Disposition** |
| BANK ROBBERY BY FORCE OR VIOLENCE<br>(1) | Count dismissed on government's motion |
| VIOLENT CRIME/DRUGS/MACHINE GUN<br>(2) | Count dismissed on government's motion |
| **Highest Offense Level (Terminated)** | |
| Felony | |
| **Complaints** | **Disposition** |
| 18:2113A.F BANK ROBBERY; 18:924C.F VIOLENT CRIME/DRUGS/MACHINE GUN | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Mark H. Marshall**<br>United States Attorney's Office<br>903 San Jacinto Blvd., Suite 334<br>Austin, TX 78701<br>(512) 916–5858<br>Fax: 512/916–5855<br>Email: mark.marshall@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 05/09/2017 | 1 | COMPLAINT as to Earl Wayne Bryant (1). Signed by Judge Andrew W. Austin. (kkc) [1:17–mj–00353–AWA] (Entered: 05/09/2017) |

2

| | | |
|---|---|---|
| 05/09/2017 | 2 | Arrest Warrant Issued by Judge Andrew W. Austin as to Earl Wayne Bryant. (kkc) [1:17–mj–00353–AWA] (Entered: 05/09/2017) |
| 05/09/2017 | 3 | MOTION to Detain Defendant without Bond by USA as to Earl Wayne Bryant. (Marshall, Mark) [1:17–mj–00353–AWA] (Entered: 05/09/2017) |
| 05/16/2017 | 4 | Application for Writ of Habeas Corpus ad Prosequendum as to Earl Wayne Bryant. (kkc) [1:17–mj–00353–AWA] (Entered: 05/16/2017) |
| 05/16/2017 | 5 | ORDER FOR ISSUANCE OF Writ of Habeas Corpus ad Prosequendum as to Earl Wayne Bryant. Signed by Judge Andrew W. Austin. (kkc) [1:17–mj–00353–AWA] (Entered: 05/16/2017) |
| 05/16/2017 | 6 | Writ of Habeas Corpus ad Prosequendum Issued as to Earl Wayne Bryant for 5/17/2017. (kkc) [1:17–mj–00353–AWA] (Entered: 05/16/2017) |
| 05/16/2017 | 7 | INDICTMENT(Redacted Version) filed. Unredacted document sealed pursuant to E–Government Act of 2002 as to Earl Wayne Bryant (1) counts 1, 2. (Attachments: # 1 Redacted Personal Data Sheet) (jf) (Entered: 05/17/2017) |
| 05/16/2017 | 9 | ORDER FOR ISSUANCE OF Bench Warrant as to Earl Wayne Bryant. Signed by Judge Andrew W. Austin. (jf) (Entered: 05/17/2017) |
| 05/16/2017 | 10 | Bench Warrant Issued by Judge Andrew W. Austin as to Earl Wayne Bryant. (jf) (Entered: 05/17/2017) |
| 05/17/2017 | | Arrest of Earl Wayne Bryant (jf) (Entered: 05/17/2017) |
| 05/17/2017 | 11 | Bench Warrant Returned Executed on 5/17/2017 as to Earl Wayne Bryant. (jf) (Entered: 05/17/2017) |
| 05/17/2017 | 12 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Earl Wayne Bryant. Signed by Judge Andrew W. Austin. (jf) (Entered: 05/17/2017) |
| 05/17/2017 | 13 | ORDER as to Earl Wayne Bryant re 12 Order Appointing Public Defender. Signed by Judge Andrew W. Austin. (jf) (Entered: 05/17/2017) |
| 05/17/2017 | 14 | Minute Entry for proceedings held before Judge Andrew W. Austin: Initial Appearance as to Earl Wayne Bryant held on 5/17/2017 (Minute entry documents are not available electronically.) (Court Reporter ERO.) (jf) (Entered: 05/17/2017) |
| 05/17/2017 | 15 | ORDER OF TEMPORARY DETENTION as to Earl Wayne Bryant: Detention Hearing set for 5/22/2017 at 10:30 AM before Judge Andrew W. Austin. Signed by Judge Andrew W. Austin. (jf) (Entered: 05/17/2017) |
| 05/17/2017 | 16 | NOTICE OF HEARING as to Earl Wayne Bryant: Arraignment set for 5/22/2017 at 10:30 AM before Judge Andrew W. Austin (jf) (Entered: 05/17/2017) |
| 05/17/2017 | 17 | NOTICE OF ATTORNEY APPEARANCE: Jose I. Gonzalez–Falla appearing for Earl Wayne Bryant . Attorney Jose I. Gonzalez–Falla added to party Earl Wayne Bryant(pty:dft) (Gonzalez–Falla, Jose) (Entered: 05/17/2017) |
| 05/17/2017 | 18 | CJA 23 Financial Affidavit by Earl Wayne Bryant (SEALED pursuant to E–Government Act of 2002). (jf) (Entered: 05/17/2017) |
| 05/17/2017 | 19 | Arrest Warrant Returned Unexecuted as to Earl Wayne Bryant. (jf) (Entered: 05/18/2017) |

3

| | | |
|---|---|---|
| 05/22/2017 | 20 | WAIVER of Personal Appearance at Arraignment and Entry of Plea of Not Guilty by Earl Wayne Bryant. Signed by Judge Andrew W. Austin. (jf) (Entered: 05/22/2017) |
| 05/22/2017 | 21 | WAIVER of Detention Hearing by Earl Wayne Bryant (jf) (Entered: 05/22/2017) |
| 05/22/2017 | 22 | ORDER OF DETENTION: as to Earl Wayne Bryant. Signed by Judge Andrew W. Austin. (jf) (Entered: 05/22/2017) |
| 05/22/2017 | 23 | ORDER as to Earl Wayne Bryant (Docket Call set for 7/10/2017 at 9:00 AM before Judge Lee Yeakel; Jury Selection set for 7/24/2017 at 9:00AM before Judge Lee Yeakel; Jury Trial set for 7/24/2017 at 9:00 AM before Judge Lee Yeakel; Pending Pretrial Motions Hearing set for 7/10/2017 at 9:00 AM before Judge Lee Yeakel). Signed by Judge Lee Yeakel. (jf) (Entered: 05/22/2017) |
| 07/05/2017 | 24 | ORDER Setting Rearraignment as to Earl Wayne Bryant : Rearraignment and Plea set for 7/7/2017 at 10:30 AM before Judge Andrew W. Austin. Signed by Judge Andrew W. Austin. (jf) (Entered: 07/05/2017) |
| 07/06/2017 | 25 | Superseding INFORMATION as to Earl Wayne Bryant (1) count 1s. (Attachments: # 1 Redacted Personal Data Sheet) (jf) (Entered: 07/06/2017) |
| 07/06/2017 | 26 | Personal Data Sheet (SEALED) as to Earl Wayne Bryant (jf) (Entered: 07/06/2017) |
| 07/07/2017 | 27 | FINDINGS OF FACT AND RECOMMENDATION on felony guilty plea before the United States Magistrate Judge as to Earl Wayne Bryant. Signed by Judge Andrew W. Austin. (jf) (Entered: 07/07/2017) |
| 07/07/2017 | 28 | Consent to administration of guilty plea and Rule 11 Allocution by a United States Magistrate Judge by Earl Wayne Bryant (jf) (Entered: 07/07/2017) |
| 07/07/2017 | 29 | Order of Referral to U.S. Magistrate on felony guilty plea as to Earl Wayne Bryant. Signed by Judge Lee Yeakel. (jf) (Entered: 07/07/2017) |
| 07/07/2017 | 30 | WAIVER OF INDICTMENT by Earl Wayne Bryant (jf) (Entered: 07/07/2017) |
| 07/07/2017 | 31 | Minute Entry for proceedings held before Judge Andrew W. Austin:Rearraignment held on 7/7/2017; Defendant Informed of Rights. Plea of guilty entered as to Earl Wayne Bryant (1) Count 1s; Referred to Probation for Presentence Report (Minute entry documents are not available electronically.), Plea agreement disclosed in open court (Court Reporter FTR GOLD ERO.) (jf) (Entered: 07/07/2017) |
| 07/07/2017 | 32 | ORDER Setting Sentencing as to Earl Wayne Bryant: Sentencing set for 9/19/2017 at 9:00 AM before Judge Lee Yeakel. Signed by Judge Lee Yeakel. (jf) (Entered: 07/07/2017) |
| 07/07/2017 | 33 | PLEA AGREEMENT as to Earl Wayne Bryant (Plea agreement documents are not available electronically.) (jf) (Entered: 07/07/2017) |
| 08/16/2017 | 34 | INITIAL PRESENTENCE REPORT as to Earl Wayne Bryant by Officer Kimberly Chavez. Objections to the PSR must be submitted directly to the Probation Department. Instructions for viewing the report/worksheet are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Attachments: # 1 Certificate of Disclosure)(cv1) (Entered: 08/16/2017) |
| 09/08/2017 | 35 | ADDENDUM AND REVISED PRESENTENCE REPORT as to Earl Wayne Bryant by Officer Kimberly Chavez. Objections to the PSR must be submitted directly to the |

4

| | | |
|---|---|---|
| | | Probation Department. Instructions for viewing the report/worksheet are available here. (Document is available only to the attorney of record and AUSA for 14 days. PLEASE PRINT OR SAVE AS SOON AS DOCUMENT IS OPENED.) (Attachments: # 1 Addendum)(cv1) (Entered: 09/08/2017) |
| 09/08/2017 | 36 | SEALED PRESENTENCE INVESTIGATION REPORT Filed as to Earl Wayne Bryant by Officer Kimberly Chavez. (Document available to court only) (Attachments: # (1–2)(cv1) (Entered: 09/08/2017) |
| 09/19/2017 | 37 | SEALED PRESENTENCE INVESTIGATION REPORT placed under seal and available to the court only as to Earl Wayne Bryant. (td) (Entered: 09/19/2017) |
| 09/19/2017 | 38 | Minute Entry for proceedings held before Judge Lee Yeakel: Guilty Plea Accepted by Court as to Earl Wayne Bryant (1) Count 1s. Sentencing held on 9/19/2017 for Earl Wayne Bryant (1), Counts 1 and 2 dismissed on government's motion; Count 1s, Imprisonment 84 months, 5 years supervised release, $100.00 special assessment, $7,211.00 restitution. (Minute entry documents are not available electronically.) (Court Reporter Arlinda Rodriguez.) (td) (Entered: 09/20/2017) |
| 09/20/2017 | 39 | JUDGMENT AND COMMITMENT as to Earl Wayne Bryant (1), Count(s) 1, 2, Count dismissed on government's motion; Count(s) 1s, Imprisonment 84 months, 5 years supervised release, $100.00 special assessment, $7,211.00 restitution. Signed by Judge Lee Yeakel. (td) (Entered: 09/20/2017) |
| 09/20/2017 | 40 | Sealed Statement of Reasons as to Earl Wayne Bryant (SOR documents are not available electronically.) (td) (Entered: 09/20/2017) |
| 03/08/2019 | 41 | MOTION to Amend the District Court's Recommendations to the Bureau of Prisons by Earl Wayne Bryant. (dm) (Entered: 03/08/2019) |
| 03/19/2019 | 42 | ORDER DISMISSING 41 Motion to Amend Judgment as to Earl Wayne Bryant (1). Signed by Judge Lee Yeakel. (td) (Entered: 03/20/2019) |
| 04/12/2019 | 43 | MOTION to Supplement the District Court's Recommendations to the Bureau of Prisons by Earl Wayne Bryant. (dm) (Entered: 04/12/2019) |
| 04/23/2019 | 44 | ORDER DISMISSING 43 Motion to Supplement the District Court's Recommendation to the Bureau of Prisons as to Earl Wayne Bryant (1). Signed by Judge Lee Yeakel. (dm) (Entered: 04/23/2019) |
| 09/20/2019 | 45 | MOTION to Modify Judgment and Commitment by Earl Wayne Bryant. (dm) (Entered: 09/23/2019) |
| 09/30/2019 | 46 | ORDER DISMISSING 45 Motion to Modify Judgment as to Earl Wayne Bryant (1). Signed by Judge Lee Yeakel. (dm) (Entered: 10/01/2019) |
| 05/18/2020 | 47 | MOTION to Reduce Sentence – First Step Act by Earl Wayne Bryant. (dm) (Entered: 05/18/2020) |
| 05/26/2020 | 48 | MOTION to Suspend Restitution Payments by Earl Wayne Bryant. (dm) (Entered: 05/26/2020) |
| 05/26/2020 | 49 | ORDER DISMISSING 47 Motion to Reduce Sentence – First Step Act as to Earl Wayne Bryant (1). Signed by Judge Lee Yeakel. (dm) (Entered: 05/26/2020) |
| 05/26/2020 | 50 | ORDER DISMISSING 48 Motion to Suspend Restitution Payments as to Earl Wayne Bryant (1). Signed by Judge Lee Yeakel. (dm) (Entered: 05/26/2020) |

5

| 05/09/2022 | 51 | Request for Modifying Conditions of Release (PB12B) as to Earl Wayne Bryant Signed by Judge Lee Yeakel. (jv2) (Entered: 05/10/2022) |
|---|---|---|
| 06/01/2022 | 52 | Request for Modifying Conditions of Release (PB12B) as to Earl Wayne Bryant. Signed by Judge Lee Yeakel (jv2) (Entered: 06/01/2022) |
| 06/10/2022 | 53 | Request for Modifying Conditions of Release (PB12B) as to Earl Wayne Bryant Signed by Judge Lee Yeakel (jv2) (Entered: 06/10/2022) |
| 07/14/2022 | 54 | Report on Offender under Supervision (PB12A) as to Earl Wayne Bryant. Signed by Judge Mark Lane (jv2) (Entered: 07/14/2022) |
| 07/10/2023 |  | Case as to Earl Wayne Bryant reassigned to Judge Docket II – Austin. Judge Lee Yeakel no longer assigned for Earl Wayne Bryant (so) (Entered: 07/10/2023) |
| 07/10/2023 |  | Received signed Prob 22 from chambers and forwarded to Probation. Transfer to Eastern District of Arkansas, Little Rock initiated as to Earl Wayne Bryant. (so) (Entered: 07/10/2023) |
| 07/18/2023 | 55 | Supervised Release Jurisdiction Transferred to ED/AR, Little Rock Division as to Earl Wayne Bryant signed by Judge Robert Pitman. (klw) (Entered: 07/18/2023) |